after which the Court’s opinion was delivered by Judge Roane, as follows:
The Court is
of opinion, that, under the terms of the
patent exhibited in this case, the grantee was entitled to *41 all the land contained within the metes and bounds thereof, subject, however, to the reservations in the said patent contained; and that, in the action before us, the appcllaut was entitled to recover all the said land, except such as the appellees might shew themselves entitled to, under the reservations aforesaid.
The Court is also of opinion, that, if the lessor Samuel M. Hopkins was not in possession of the premises at the time he conveyed them to Oliver Wolcott, for the benefit of James Watson, his conveyance thereof passed nothing, according to the uniform decisions of this Court; and that, in that case, the plaintiff is entitled to recover under his demise from the said Hopkins. If, on the other hand, the said Hopkins was then in possession, the Court is of opinion, that the Deed was good to pass the land to the said Oliver Wolcott, and to enable James Watson, the cestwij que trust thereof, to maintain an Ejectment against the appellees, if, and after, the purposes of the said Deed, as to this land, were satisfied; under the authority of the case of Harte v. Knott, (Cowp. 46;)—and that the lessor of the plaintiff James T. Watson, (he being the son and heir of the said James Watson, and the Deed given in evidence on the part of the defendants shewing that the purposes thereof were satisfied as to the trustee Oliver Wolcott, J was also entitled to recover: so that the plaintiff, as the case now appears, was entitled to recover under one or other of the demises in the declaration. As to the objection founded on the idea, that Samuel M. Hopkins was out of possession when the deed shewn by the defendants was executed by him, there is nothing in it. It was not necessary for him to grant this land at that time, if his first deed was good, nor did he mean to grant it thereby, but only to fortify, more clearly, the interest released by the trustee Oliver Wolcott.
The Judgment is therefore to be reversed, with costs, the verdict set aside, and a new trial granted, in which, if required, the Court ought to instruct the Jury conformably to the principles now stated.